**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **JOSE ABRAHAM ORELLANA** | **DOCKET NO. 2:24-CV-01047**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MICHAEL MANUEL** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus [doc. 1] filed pursuant to 28 U.S.C. § 2241 by Jose Abraham Orellana, who is proceeding pro se in this matter. At the time of the filing, Orellana was incarcerated at the Allen Parish Public Safety Complex in Oberlin, Louisiana. Petitioner has since been removed to El Salvador.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons set forth below, **IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

### I.    BACKGROUND

Orellana filed the instant petition seeking an order of release or, in the alternative, proof that he would be removed within one (1) week of securing immediate removal from the United States. Doc. 1, p. 7. On August 30, 2024, while this matter was pending, petitioner was removed to El Salvador. *See* Declaration of Assistant Office Field Director, attached as exhibit Government's Answer to Petition, doc. 12, att. 1.

## II.   LAW & APPLICATION

Petitioner's removal during the pendency of this proceeding renders his claim moot. *See Belasco v. Warden*, 156 F. App'x 671 (5th Cir. 2005).  Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bur. of Prisons*, 220 Fed. App'x 256, 2007 WL 627580, at *1 (5th Cir. Feb. 22, 2007) (*citing Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 2005 WL 2473569, at * (5th Cir. Oct.6, 2005) (citation omitted).

Because Petitioner has been removed to El Salvador, the Petition for Writ of Habeas Corpus filed by Jose Abraham Orellana, which seeks an order of release or, in the alternative, proof that he would be removed within one (1) week of securing immediate removal from the United States, is moot and must be dismissed.

## III.   CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE AND SIGNED in chambers this 26th day of May, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE

-3-